UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT NATHANIEL FRANCIS**<br>     **LA. DOC 379762**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-2955**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN SMITH, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Nathaniel Francis, proceeding *in forma pauperis* (*IFP*), filed the above captioned civil rights complaint in this Court on October 28, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC); he is incarcerated at the Tensas Parish Detention Center (TPDC).  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

On September 28, 2013, plaintiff filed three separate civil rights complaints. In Civil Action No. 3:13-cv-2951 he prayed for compensation in the amount of $550,000 and a transfer to another facility because he feared that he would be the victim of retaliation.  He named TPDC and Lt. Richard Townsend as defendants. He alleged no fault or claim for relief in his complaint , however, in the cover letter accompanying the complaint he claimed that he had previously submitted his *IFP* application to prison authorities for notarization in anticipation of filing a complaint concerning an undisclosed incident that occurred on May 24, 2013, and was denied

their assistance "... so that they could keep the multiple violations ... from getting out." On November 5, 2013, he was ordered to submit a properly executed application to proceed *IFP* [Doc. 4] and on November 18, 2013, he complied with the order by submitting a properly executed application to proceed *IFP*. [Doc. 5] His motion was granted on November 19, 2013. [Doc. 7] On November 21, 2013, he submitted a motion for protective order and motion to transfer to another facility based upon his fear of being retaliated against.  [Doc. 8]

In Civil Action No. 3:13-cv-2954 plaintiff named the TPDC "medical department," the head nurse, and the "night shift nurses" as defendants.  He claimed that on May 24, 2013, he was stabbed in the right eye and then sprayed with a chemical agent. He claimed that he received no treatment from the medical department and was placed in lock down for seven days without any treatment or medication. He claimed he was temporarily blinded and developed a "massive infection from the chemical spray."  His eye and nose began to ooze blood and pus and he remained in great pain. On June 1, 2013, he was completely blind and was transported to the hospital – the LSU Medical Center. He remained in the hospital undergoing "aggressive treatment" for some unspecified period of time. He claims that he is now partially blind and in need of further treatment. He also complained that pain medication was prescribed at the Medical Center but was never provided to him.  He prayed for $300,000 in damages, plus future medical expenses and a transfer to another facility.  On November 5, 2013, he was directed to submit a properly executed *IFP* application. [Doc. 3] He did so on November 18, 2013 [Doc. 4] and he was granted *IFP* status on November 19, 2013. [Doc. 6] Again, on November 21, 2013, he filed another motion for protective order and requested transfer to another facility. [Doc. 7]

In the above captioned civil action, he sued Warden Smith and Ms. Pleasant, the officer

in charge of inmate accounts, alleging, "On 9-20-13 I ... sent my [*IFP*] papers to get an account balance and get notarized and on 9-25-13 I got my papers back with the account part done but not the Notary. And on 9-26-13 I went back to the law library for an A.R.P. and was told that the Warden deliberately told Ms. Pleasant not to [notarize] by paperwork and will not let me file a claim or complaint." He prayed for $600,000 in damages and a transfer to another facility. On November 5, 2013, he was directed to submit an *IFP* applicaiton. [Doc. 3] He submitted his *IFP* application on November 18, 2013, and was granted IFP status in this case on November 19, 2013. [Docs. 4 and 6]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Access to Courts*

Plaintiff implies that he is being denied his constitutionally protected right of access to the courts during his confinement TPDC. In support of this claim he alleged that the prison administration have thwarted his efforts to litigate *IFP*.

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Plaintiff has not demonstrated that his ability to prepare and transmit necessary legal documents to the court have been curtailed. Plaintiff complains only that his attempts to litigate this and other claims *IFP* have been interfered with, however, as is demonstrated above, plaintiff has submitted the necessary paperwork in proper form and has been **GRANTED** *IFP* status in

each of the three cases he filed on October 28, 2013.

In order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was <u>prejudiced</u> by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "<u>actual injury</u>" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that he was prevented from filing a non-frivolous pleading. Plaintiff cannot show prejudice because, as noted above, he has been permitted to litigate each of is claims *IFP*. Plaintiff's access to courts claim is frivolous.

***3. Motion for Protective Order (Transfer) [Doc. 7]***

Plaintiff also seeks an immediate transfer to another facility. Plaintiff is an inmate in the custody of the DOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A). Plaintiff is an DOC inmate and therefore his placement is solely within the purview of the DOC.

Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v.*

*McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Clearly, plaintiff is not entitled to the relief prayed for and his complaint must be dismissed as frivolous.

### *Conclusion and Recommendation*

Therefore,

Plaintiff's Motion for Protective Order seeking a transfer to another facility [Doc. 7] is **DENIED**; and,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, December 10, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE